Wyly, J.
On eighteenth January, 1872, D. B. Penn executed his promissory note for $5500, payable twelve months after date to the order of Alfred Penn who indorsed it, and plaintiff subsequently became the owner thereof.
*130 On twenty-first January, 1873, this note was protested for nonpayment, and on the same day notice thereof, addressed to the indorser, Alfred Penn, was served, as stated by the notary, “at his residence No. 2 South street, in this city, on Mr. W. B. Krumbhaar, his son-in-law, by whom I was informed that said Alfred Penn was confined to his room by sickness and could not be seen or attend to business on the day below written.” Ten days before the protest, to wit: on eleventh January, 1873, the children of Alfred Penn filed a petition in the Second District Court praying for his interdiction, and on fifteenth February following, judgment of interdiction was rendered against him.
Subsequently, George R. Preston was appointed curator of said interdicted person.
Plaintiff then brought this suit on said note against D. B. Penn the maker, and Alfred Penn the indorser, represented by his curator George R. Preston. There was judgment in the court below against both the maker and the indorser, and from this judgment Preston the curator, appeals.
Inasmuch as “ the interdiction takes place from the day of presenting the petition for the same,” Revised Code 400, and inasmuch as ‘ ‘ all acts done by the persons interdicted from the date of filing the petition for interdiction.until the day when the same is pronounced, are null,” Revised Code, 401, the appellant contends that the service of the notice of protest is not valid and the estate of the interdicted person is released from liability on the note. He further contends that the plaintiff was not without recourse in regard to the service of notice of protest) that there were two modes, by either of which a valid notice could have been served:
First — Plaintiff could have provoked, under article 313, Revised Code and article 964, C. P. the appointment of a curator ad hoe, upon whom notice of protest could have been served.
Second, — That notice of protest should have been served on the appellant, the curator of the interdicted person, as soon as he was appointed, which was on the fourteenth March, 1873.
The articles cited do not authorize the appointment of a curator ad hoc for the purpose of receiving notice of protest, nor was the plaintiff required to serve notice on the appellant who was not appointed curator until fifty-one days after the protest.
Neither the plaintiff nor the notary seem to have had any knowledge that ten days before service of notice of protest, the heirs of Alfred Penn had filed a petition for his interdiction, and no information in regard to it was communicated to the notary when he handed the notice of protest addressed to Alfred Penn to Mr. Krumbhaar, his son-in-law, at the residence of Mr. Penn.
*131 At the time of the protest no legal representative had been appointed for Alfred Penn, and we think the notice addressed to him and left at his domicile on the day of the protest, was sufficient to fix his liability.
The plaintiff, through the notary, has exercised reasonable diligence and given such notice as under the existing state of facts the law required to be given. Story on Bills 370, Nos. 305 et seq.; 12 Barb. 245; Parsons on Bills 500, 501; Story on promissory notes 387 No. 310 and authorities there cited. See also, Stewart vs. Eden, 2 Caines 121; Merchants Bank vs. Birch, 17 John. R. 25; Willis vs. Green, 5 Hill; 9 Howard 552; 4 Howard 33; 6 Pet. 250; 10 Pet. 571; 22 An. 227.
It is therefore ordered that the judgment herein be affirmed with costs.